UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELMET TECHNOLOGIES, INC., | ) | |
| | ) | |
|       Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 05-200-P-S |
| | ) | |
| ADVANCED TECHNOLOGIES | ) | |
| SYSTEMS, INC., et al., | ) | |
| | ) | |
|       Defendants | ) | |

*RECOMMENDED DECISION ON MOTION TO VACATE DISMISSAL OF COUNT IX*

The plaintiff moves to vacate the dismissal entered in favor of defendant Big Sky Engineering, Inc. on Count IX of the complaint. Motion to Vacate Dismissal of Count IX, etc. ("Motion") (Docket No. 19) at 1. The dismissal was entered after the plaintiff failed to respond within the time set by this court's Local Rule 7(b) to Big Sky's motion to dismiss Count IX. Docket Nos. 10 & 18. The deadline for that response was January 11, 2006. Docket No. 10. The motion was granted on January 12, 2006, no response having been filed. Docket No. 18. The instant motion was filed on January 13, 2006, seeking in addition to a vacating of the order granting the motion an additional seven days within which to respond to the motion to dismiss. Motion at 1. The plaintiff filed a response to the motion to dismiss on January 16, 2006. Docket No. 20. Briefing on both the motion to vacate and the motion to dismiss is now complete.

A party that fails to request the extension of a deadline before that deadline passes must demonstrate the existence of excusable neglect for that failure in order to be eligible for relief therefrom. Fed. R. Civ. P. 6(b); *United States v. Roberts*, 978 F.2d 17, 24 (1st Cir. 1992). The

standard for evaluating assertions of excusable neglect is set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), adopted for cases involving Rule 6(b) by the First Circuit in *Pratt v. Philbrook*, 109 F.3d 18, 19 & n.1 (1st Cir. 1997); *see also Envisionet Computer Servs., Inc. v. Microportal.Com, Inc.*, 2001 WL 27539 (D. Me. Jan. 9, 2001) at *1. The circumstances of the plaintiff's failure to file a timely opposition to the motion to dismiss in this case, as set forth in its motion, Motion at 1-3, are plainly those of neglect or negligence by its counsel. Whether that neglect is excusable is an equitable question which a court must resolve by

> taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395 (footnote omitted).

Here, Big Sky does not identify any possible prejudice caused to it by the five-day delay in the plaintiff's filing of its opposition to the motion to dismiss, and none is apparent. It is clear that the delay has had no impact on this proceeding, beyond the need to deal with this motion, because the opposition and reply to the motion to dismiss were filed and the motion to dismiss became ready for disposition on the merits before the motion to vacate the order granting that motion itself has been resolved. The impact on this proceeding is minimal at best. The delay was caused by circumstances well within the control of counsel for the plaintiff, and I conclude that the reason offered — failure to see the entry of the motion which was clearly noted on the electronic docket and reliance on ongoing settlement discussions, Motion at 2 — should not be treated with any indulgence by this court. *See generally Lush v. Terri & Ruth F/V*, 309 F.Supp.2d 131. 132-34 (D. Me. 2004). Finally, there is no evidence that counsel for the plaintiff acted in bad faith.

On balance, therefore, I conclude that the motion to vacate and the plaintiff's request for a modest extension in which to file its opposition to the motion to dismiss should be granted. Big Sky contends that the motion to vacate should nonetheless be denied because the plaintiff "has not addressed the possible merits of its opposition to" the motion to dismiss. Defendant Big Sky Engineering, Inc.'s Memorandum in Opposition to Elmet's Motion to Vacate Dismissal of Count IX and for Leave to Extend Time (Docket No. 22) at 4. I do not read either of the cases cited by Big Sky in support of this argument, *Roberts* and *Bohlin v. Banning*, 6 F.3d 350 (5th Cir. 1993), as adding such a requirement to those identified by the Supreme Court in *Pioneer* in 1993. In addition, *Roberts* was decided before *Pioneer* and to the extent that it is inconsistent with *Pioneer* on this point it must be considered to have been overruled. It is not necessary to consider the merits of the motion to dismiss, which has not been referred to me, in order to recommend that the motion to vacate the dismissal of Count IX and to extend the deadline for filing an opposition to and including January 16, 2006 be granted.

For the foregoing reasons, I recommend that the plaintiff's motion to vacate the order granting defendant Big Sky Engineering, Inc.'s motion to dismiss Count IX be **GRANTED** and that the deadline for filing the plaintiff's opposition to that motion be extended to January 16, 2006.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 17th day of February, 2006.

/S/ David M. Cohen
David M. Cohen
United States Magistrate Judge
