UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELMET TECHNOLOGIES, INC., ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | *Docket No. 05-200-P-S* |
| ) | |
| ADVANCED TECHNOLOGIES ) | |
| SYSTEMS, INC., et al., ) | |
| ) | |
| *Defendants* ) | |

**RECOMMENDED DECISION ON MOTION OF DEFENDANT BIG SKY ENGINEERING, INC. TO DISMISS COUNT IX**

Defendant Big Sky Engineering, Inc. ("Big Sky") moves to dismiss Count IX of the complaint to the extent that it asserts a claim against Big Sky. Count IX alleges that Big Sky and defendant Inspired Automation, Inc. breached certain contracts. Complaint (Docket No. 1) ¶¶ 72-78. I recommend that the court deny the motion.

**I. Applicable Legal Standard**

The motion to dismiss invokes Fed. R. Civ. P. 12(b)(6), which provides for dismissal upon failure to state a claim on which relief may be granted. Motion of Defendant Big Sky Engineering, Inc. to Dismiss Count IX, etc. ("Motion") (Docket No. 10) at 1. "[I]n ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). The defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff[s] would not be unable to recover under any set

of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir. 2001); *see also Wall v. Dion*, 257 F. Supp.2d 316, 318 (D. Me. 2003).

## II.  Factual Background

The following allegations in the complaint are relevant to Big Sky's motion.

The plaintiff, a Delaware corporation, is the successor to Philips Electronics North American Corporation ("Philips"), which entered into a contract with defendant Advanced Technologies Systems, Inc. ("ATS"), a Rhode Island corporation, for the design, building and installation of a packaging system for the plaintiff's manufacturing facility in Lewiston, Maine.  Complaint ¶¶ 1, 2-3. ATS subcontracted the development and installation of certain subsystems to Big Sky, a Wisconsin corporation. *Id.* ¶¶ 1, 5. Big Sky in turn subcontracted the design and installation of a single subsystem to Inspired Automation, Inc. ("Inspired"), a California corporation  *Id*. ¶¶ 1, 6.

ATS quoted $350,000 for the turnkey installation of an automated packaging machine for the filament packaging system sought by Philips.  *Id*. ¶ 9.  This quote was subsequently lowered to $310,000.  *Id*.  The purchase price was later raised to $337,940.  *Id*. ¶ 20.  The relevant purchase order set forth detailed performance specifications and delivery dates.  *Id*. ¶ 10.  ATS entered into a subcontract with Big Sky to provide transport/dispense/seal devices for the machine. *Id*. ¶ 14.  ATS notified Philips that these devices would be provided by Big Sky.  *Id*. ¶ 16.

The machine was installed at the Lewiston plant in March 2003. *Id*. ¶ 18.  By July 2003, ATS, Big Sky and Inspired had been unable to make the machine work in conformance with contract specifications.  *Id*.  By October 2003 the machine still did not operate in conformance with contract specifications.  *Id*. ¶ 21.  Although they continued to make adjustments, ATS, Big Sky and Inspired were unable to make the machine work by May 2004. *Id*. ¶ 23.  In May 2004 the president of ATS and Big Sky initiated a software lockout of the machine to force the plaintiff, by now the successor to

Philips, to release additional payments under the contract. *Id*. When the plaintiff did so, efforts to fix the machine resumed. *Id*. The president of ATS and Big Sky again shut down the machine in October 2004 and notified the plaintiff that no further work would be done on the machine until the remaining balance of the purchase price was paid. *Id*. By letter dated January 5, 2005 counsel for the plaintiff demanded that ATS return to the plant to repair the machine, perform acceptance testing and secure releases from its subcontractors. *Id*. ¶ 24.

In March 2005 the president of ATS and Big Sky again locked out the machine. *Id*. ¶¶ 25- 26. The president of ATS did not respond to the plaintiff's demand that ATS return to the plant to make the machine operate in conformance with the contract. *Id*. ¶ 26. By letter dated September 23, 2005 the plaintiff notified ATS that it rejected ATS's performance under the contract, revoked any acceptance of deliveries made in conjunction with the contract and terminated the contract. *Id*. ¶ 28.

At the time it entered into its subcontract with ATS, Big Sky intended, as did ATS, that the goods and services to be provided were necessary for the machine. *Id*. ¶ 74. The plaintiff relied on Big Sky to provide such necessary goods and services. *Id*. ¶ 75. The plaintiff is the intended third-party beneficiary of the contract between ATS and Big Sky. *Id*. ¶ 76. Big Sky has breached that contract by reason of its failure to provide the goods and services specified therein for the purpose of completing the design, fabrication and installation of the machine in conformance with the specifications set forth in the purchase order issued by Philips to ATS. *Id*. ¶ 77. The machine never reliably selected, weighed, packaged or labeled product correctly nor performed these functions at the operating speeds and for the time periods required for manufacturing operations. *Id*.

### III. Discussion

Big Sky contends that it is entitled to dismissal of Count IX because the plaintiff "has failed to plead any facts supporting its claim that ATS and Big Sky intended clearly and definitely to confer an

enforceable right on [the plaintiff] in connection with the subcontract between ATS and Big Sky." Motion at 2. The plaintiff responds that the allegations in paragraphs 73-75 of its complaint are sufficient to state a claim on which relief may be granted. Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition") (Docket No. 20) at 3-4. In the alternative, the plaintiff contends that the allegations in paragraphs 1, 9, 10, 13, 14, 17, 18, 23, 26, and 27 add enough facts to the allegations in paragraphs 73-75 to withstand the motion to dismiss. *Id*. at 4-6.

The parties appear to agree that Maine law governs Count IX. Motion at 6 n.2, 8; Opposition at 3. Under Maine law, an individual claiming third-party beneficiary status must show that the parties to the contract at issue intended that he or she receive an enforceable benefit under the contract. *Denman v. Peoples Heritage Bank, Inc*., 704 A.2d 411, 414 (Me. 1998). "It is not enough that [plaintiff] benefitted or could have benefitted form the performance of the contract. The intent must be clear and definite, whether it was expressed in the contract itself or in the circumstances surrounding its execution." *Id*. at 414-15 (quoting *Devine v. Roche Biomedical Labs.*, 659 A.2d 868, 870 (Me. 1995)). Further,

> Maine courts rely on Section 302 of the Restatement (Second) of Contracts when presented with [the] question [whether a party is in fact the third-party beneficiary of a given contract], *see, e.g., F.O. Bailey Co. v. Ledgewood*, 603 A.2d 466, 468 (Me. 1992), and Section 302 provides:
>
> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

4

*Pejepscot Indus. Park, Inc. v. Maine Cent. R.R. Co.*, 297 F.Supp.2d 326, 331 (D. Me. 2003).  The court's review is somewhat hampered by the fact that the agreement between ATS and Philips has not been provided by either party to this motion.[1]  However, the Supreme Court made clear in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), that the notice pleading rule applicable to cases brought in federal court requires only that a complaint "simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, " *Id*. at 512 (citation and internal quotation marks omitted).  The facts set forth in the complaint, recounted above, when construed favorably to the plaintiff as required, would allow relief to be granted consistent with the allegations of Count IX.  *Id.* at 514.  While the allegations in Count IX are stated in a manner that is less than clear, and paragraph 76 itself is conclusory, when the complaint is considered as a whole it meets the minimal standards set by *Swierkiewicz*.  The First Circuit case law cited by Big Sky, Motion at 5-9, predates *Swierkiewicz*.  The First Circuit observed in 2002 that *Swierkiewicz* "sets the bar quite low" for a sufficient pleading.  *Garrett v. Tandy Corp*., 295 F.3d 94, 105 (1st Cir. 2002).  In this case, Count IX clears that bar.

Paragraphs 73-75 of the complaint, on which the plaintiff relies in this regard, allege with respect to Big Sky that (i) "ATS subcontracted with Big Sky to provide essential components for the Machine;" (ii) "Big Sky Engineering was to provide devices for transporting, dispensing and sealing filaments;" (iii) ATS and Big Sky "intended that the goods and services to be provided thereunder were necessary to the Machine being designed, fabricated, and installed pursuant to the Purchase

---

[1] The plaintiff asserts that, because Big Sky "refrains from attaching a copy of that contract for review by the Court as part of its evaluation of its Motion to Dismiss," the motion "should be denied in order to allow Plaintiff to obtain discovery of the terms of that subcontract and the intention of the parties as of the date of its execution." Opposition at 6 n.4. Because I conclude that the plaintiff has adequately stated a claim on which relief may be granted in Count IX, I need not address this argument.  I note, however, that other means of proceeding were available to the plaintiff that would have allowed it to obtain the contract before responding to this motion to dismiss.

Order;" and (iv) the plaintiff "relied on Big Sky . . . to provide the goods and services necessary for the Machine." Complaint ¶¶ 73-75. Reliance has no role in a claim of status as a third-party beneficiary to a contract, and paragraph 75 accordingly need not be considered further. The facts that Big Sky was to provide "essential" components for the machine that was the subject of the primary contract between the plaintiff and ATS and that the parties to the subcontract "intended" that the components to be supplied by Big Sky were "necessary to the Machine" can reasonably be read to allege that the plaintiff was an intended beneficiary of the subcontract with an enforceable right bestowed by the subcontract, when combined with the additional paragraphs of the complaint invoked by the plaintiff that allege the following facts that could possibly be relevant to a third-party beneficiary claim based on a contract[2]: (i) "ATS subcontracted the development and installation of certain transport/dispense/seal subsystems to Big Sky;" Complaint, ¶¶ 1, 14; (ii) Big Sky performed acceptance testing on the machine at the Lewiston plant after March 2003, *id*. ¶ 18; (iii) by July 2003 Big Sky was "still unable to make the Machine work in conformance with contract specifications," *id*.; (iv) although it continued to make adjustments between January 2004 and May 2004, Big Sky was still unable to make the machine work, *id*. ¶ 23; (v) in May 2004 Big Sky "initiated a software lockout of the Machine to prevent further testing in order the force Elmet to release additional contract funds," *id*.; (vi) Big Sky "again shut down the Machine in October 2004 and notified Elmet that no further work would be performed on the Machine until payment of the remaining balance of the contract price," *id.*; (vii) Big Sky "again locked out the Machine" in March 2005, *id*. ¶ 26; and (viii) Big Sky "continue[s] to deny access to the Machine," *id*. ¶ 27.[3]

---

[2] Of the paragraphs cited in this regard by the plaintiff, four allege nothing at all about Big Sky. Complaint ¶¶ 9, 10, 13, 17.

[3] The plaintiff also contends that the motion to dismiss should be denied because it was filed 26 minutes after Big Sky filed its answer to the complaint, in violation of Rule 12(b)(6)'s requirement that a motion to dismiss be filed before pleading. Opposition at 1 n.1. Under Rule 12(h)(2), the defense of failure to state a claim "is timely up until trial." *New Hampshire Motor Trans. Ass'n v. Rowe*, 324 F.Supp.2d 231, 234 n.2 (D.Me. 2004) (rejecting argument that motion to dismiss should not be considered because filed after (*continued on next page*)

While less than crystal clear in its presentation, Count IX meets the minimal pleading standards for federal cases set by the Supreme Court in *Swierkiewicz*. Nothing more is required.

### IV.  Conclusion

For the foregoing reasons, I recommend that the motion to dismiss Count IX as to defendant Big Sky Engineering, Inc. be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 16th day of March, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

answer).  I find similarly unavailing Big Sky's protestation that the plaintiff's opposition should be disregarded because it was filed without leave to file "before the Court had ruled on Elmet's Motion to Vacate the order dismissing Count IX."  Defendant Big Sky Engineering, Inc.'s Reply Memorandum, etc. (Docket No. 25) at 1.